UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                         Government,

           -against-

JUNARD PARROT,

                         Defendant.

21-CR-691 (RMB)

**DECISION & ORDER**

## I. Background

On December 6, 2024, Defendant Junard Parrot filed a *pro se* petition seeking a sentence reduction pursuant to the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). *See* Def.'s Mot., dated Dec. 6, 2024, at 1–2 (ECF No. 33). Defendant Parrot relies upon the United States Sentencing Commission's Amendment 829 to the policy statement relating to "youthfulness" contained in Section 5H1.1 of the U.S. Sentencing Guidelines. *See id.* at 1. Parrot asserts that "New Offender's today will receive a reduced sentence to comport with the guidelines and thus create a sentence disparity." *Id.* Parrot also states that he has "diligently pursued rehabilitation" during his incarceration, including educational and vocational classes, *id.* at 3, and attaches certificates of completion and a transcript of his coursework. *Id.* at 4–8.

The Government opposes Parrot's motion for a sentence reduction. *See* Gov't Letter Resp., dated Feb. 4, 2025, at 1 (ECF No. 38). The Government points out that Parrot has "made no administrative requests for relief," including any request to the warden of Defendant's facility, i.e., Federal Correctional Institution Beckley, West Virginia ("FCI Beckley"). *Id.* at 5. The Government also argues that Parrot fails to present "extraordinary and compelling" reasons supporting a reduction in Defendant's sentence. *See id.* Parrot was 37 years old when he committed the instant offense which was "more than a decade past being a 'youthful individual' . . . as

described in Section 5H1.1." *Id.* at 6. And, with respect to crimes Defendant committed when he was youthful, 18 U.S.C. § 3553(a) does not favor Defendant's "long history of conduct that endangers the community." *Id.* at 7; *see* 18 U.S.C. § 3582(c)(1)(A).

**Plea Agreement**

On November 10, 2021, Defendant pled guilty pursuant to a Plea Agreement dated September 1, 2021. *See* Plea Agreement, dated Sept. 1, 2021, at 1; *see also* Plea Hr'g Tr., dated Nov. 10, 2021 (ECF No. 21). He admitted to "possessing a firearm . . . after having been convicted of a felony" in violation of 18 U.S.C. § 922(g)(1). Plea Agreement at 1. And, the parties stipulated that Parrot's Sentencing Guidelines range was 57 to 71 months, based upon an offense level of 21 and a criminal history category of IV. *See id.* at 2–3. On February 24, 2022, the Court sentenced Parrot to 60 months of incarceration followed by three years of supervised release. *See* Judgment, dated Feb. 24, 2022, at 2–3 (ECF No. 28).

In addition to being convicted as a felon in possession of a firearm at age 37, Defendant sustained six criminal convictions, including drug sales, robbery, "assaulting a woman on the sidewalk," and striking a police officer while "resisting arrest" between the ages of 18 and 26. Gov't Letter Resp at 2; Presentence Investigation Report, dated Jan. 28, 2022 ("PSR"), at 2, 6–9 (ECF No. 24).

**For the reasons set forth below, Defendant's petition is respectfully denied.**

II. **Legal Standard**

Under Section 3582(c)(1)(A), a court may grant a motion for sentence reduction "if (1) the defendant has exhausted available administrative remedies, (2) extraordinary and compelling reasons warrant a reduction, and (3) the § 3553(a) sentencing factors favor a reduction." *United States v. Robinson*, No. 23-6150, 2024 WL 4262955, at *1 (2d Cir. Sept. 23, 2024) (citing 18 U.S.C. § 3582(c)(1)(A)).

Amendment 829 to the U.S. Sentencing Guidelines went into effect on November 1, 2024:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

U.S.S.G. § 5H1.1.

Offense conduct committed by youthful offenders may entail "rash decision-making or the influence of peer pressure." *United States v. Delvalle*, No. 16 Cr. 174, 2025 WL 81308, at *2 (S.D.N.Y. Jan. 13, 2025); *see United States v. Ramsay*, 538 F. Supp. 3d 407, 424 (S.D.N.Y. 2021).

### III.    Analysis

#### Defendant Has Not Exhausted Administrative Remedies

Under Section 3582(c)(1)(A), a defendant may seek a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021). Defendant must either "exhaust administrative remedies *or* simply . . . wait 30 days after serving his petition on the warden of his facility before filing a motion [in federal court]." *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (emphasis in original).

Defendant's petition makes no mention of his having sought administrative relief. *See* Gov't Letter Resp. at 5. The Government's letter dated Feb. 4, 2025 states that "based on its conversations with Bureau of Prisons personnel, . . . the defendant has in fact made no

3

administrative requests for relief." Gov't Letter Resp. at 5; *see United States v. Jackson*, No. 21 Cr. 537, 2024 WL 4215741, at *2 (S.D.N.Y. Sept. 17, 2024).

### Defendant's Motion Does Not Establish Extraordinary or Compelling Reasons for a Sentence Reduction

Courts have held that Amendment 829 is not retroactive. *See, e.g.*, *United States v. John*, No. 21 Cr. 134, 2024 WL 5155627, at *1, *3 (S.D.N.Y. Dec. 18, 2024); *United States v. Haylock*, No. 19 Cr. 846, 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024). Amendment 829 does not apply to defendants such as Junard Parrot who was sentenced at age 38 on February 24, 2022, nearly three years **before** the Amendment went into effect on November 1, 2024. Pursuant to Section 1B1.13 of the Sentencing Guidelines, any amendment to the Guidelines that has not been made retroactive "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c); *see Haylock*, 2024 WL 4691023, at *7.

Parrot was 37 years old when he committed the (instant) crime of felon in possession of a firearm on June 26, 2021 and for which he was sentenced to 60 months of incarceration on February 24, 2022. *See* PSR at 2; *see also* Judgment, dated Feb. 24, 2022, at 1 (ECF No. 28). "An offense committed at 37 cannot be blamed on the factors that may affect a youthful individual's brain development into his or her mid-20s." Gov't Letter Resp. at 6; *see Delvalle*, 2025 WL 81308, at *2. Consequently, Parrot's reliance upon Amendment 829 does not qualify as an "extraordinary and compelling reason" for sentence reduction. U.S.S.G. § 1B1.13(c); *Haylock*, 2024 WL 4691023, at *7.

And, even if Amendment 829 were retroactive, Parrot would still not be eligible to take advantage of the "youthful individuals" Amendment to Section 5H1.1 of the U.S. Sentencing Guidelines. This is so because Parrot's six earlier crimes (between age 18 and 26) appear to have been part and parcel of Parrot's history. *See* Gov't Letter Resp. at 2, 6; *see also* PSR at 6–9. It is

4

"not as if this defendant just committed [any] one crime" that might be "chalked up to his youth" or "a lack of impulse control"—or impulsivity or rashness. *United States v. Davila*, No. 23 Cr. 292, 2025 WL 327360, at *1 (S.D.N.Y. Jan. 29, 2025); *see Delvalle*, 2025 WL 81308, at *2. Nor is there any showing that these crimes were the result of "influence of peer pressure." *Delvalle*, 2025 WL 81308, at *2. The six prior convictions included (i) robbery in the first degree while "display[ing] a firearm" at age 18; (ii) "attempted criminal possession of a controlled substance in the third degree (with intent to sell) arising from his possession of crack cocaine and his entering a building without permission" at age 19; (iii) "attempted criminal possession of a controlled substance in the third degree (with intent to sell) at age 19; (iv) robbery in the third degree "taking property by force" at age 19; (v) "attempted knowing possession of dangerous contraband in the first degree" at age 20; and (vi) "assaulting a woman on the sidewalk" and then "resisting arrest" and attempting "to grab [a police] officer's firearm from the holster." Gov't Letter Resp. at 2, 6; *see* PSR at 6–9.

Defendant Parrot has committed crimes from his teens to his most recent conviction. *See* Gov't Letter Resp. at 2, 6; *see also Davila*, 2025 WL 327360, at *1. "[T]he hallmarks of the defendant's conduct are consistent across the decades." Gov't Letter Resp. at 6. "[H]e has repeatedly brandished firearms or resisted arrest." *Id.* "The consistency of the defendant's criminal behavior into his late 30s belies any argument for leniency because of his youth during his prior offenses." *Id.*

### Rehabilitation

Nor does Defendant's alleged rehabilitation constitute an extraordinary and compelling reason to support a sentence reduction. To be sure, Parrot deserves credit and encouragement for completing educational and vocational coursework. But any argument that the Defendant has been rehabilitated is "undercut by his disciplinary history while in prison." Gov't Letter Resp. at 6.

5

Defendant's disciplinary history while at FCI Beckley calls into serious question whether he has been rehabilitated. *See* Gov't Letter Resp., Exhibit A ("Def.'s Disciplinary History"). As noted above, Defendant committed infractions while incarcerated: (i) "possess[ed] a weapon" (shank), (ii) "threaten[ed] a [BOP] staff member," and (iii) "fighting with another inmate." *Id. See United States v. Christopher*, No. 22 Cr. 61, 2024 WL 4707909, at *5 (S.D.N.Y. Nov. 7, 2024); *see also United States v. Rivera*, No. 89 Cr. 346, 2021 WL 5235093, at *4 (S.D.N.Y. Nov. 9, 2021) (where violent disciplinary infractions "hardly betokens a person who is rehabilitated" and where it is unclear whether Defendant "will not be a threat to public safety if he were released."). In any case, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); *see United States v. Raposo*, No. 98 Cr. 185, 2024 WL 165195, at *9 (S.D.N.Y. Jan. 16, 2024) ("[G]iven the Court's findings that [the defendant]'s other arguments do not constitute extraordinary and compelling reasons, even evidence of complete rehabilitation cannot suffice.").

### The Section 3553(a) Factors Weigh Against A Sentence Reduction

"[T]he District Court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021). Here, the 18 U.S.C. § 3553(a) factors weigh heavily against a sentence reduction. Pursuant to Section 3553(a), the court

> shall consider the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effect manner.

18 U.S.C. § 3553(a)(2).

Defendant's most recent conviction at age 37 (i.e. conviction of felon in possession of a firearm) was very serious and dangerous to the community. By waving a loaded gun inside the New York City subway, Defendant clearly endangered the public. A sentence reduction "would

signal acceptance of this kind of lawless conduct." Gov't Letter Resp. at 7; *see Robinson*, 848 F. App'x at 478 (where defendant's conduct "gravely endangered the community"). At sentencing on February 24, 2022, the Court emphasized the seriousness and dangerousness and lack of respect for the law of Defendant's behavior, especially waving a gun inside a subway car. *See* Sent'g Tr. at 10 (ECF No. 10). Defendant also created an "exceptionally dangerous situation for [police] officers" by taking the officers "on a sprinting chase through crowded city streets while possessing a loaded firearm"—and Defendant "violently resisted arrest." *Id.* at 10. The Court believes that a significant sentence of incarceration (i.e., 60 months) is still appropriate. *See id.* at 32.

In addition, as noted above, "the need . . . to promote respect for the law strongly favors the defendant's original sentence." Gov't Letter Resp. at 7; *see* Sent'g Tr. at 32. "[R]educing his term of incarceration would send the wrong message to [Defendant and others] about the consequences of his actions." Defendant's behavior showed disrespect for the law. Gov't Letter Resp. at 7; *see United States v. Patterson*, 266 F. App'x 17, 17 (2d Cir. 2008).

Relatedly, deterrence is an important consideration in this case. "[T]he need generally to deter weapons on the subway . . . strongly favors the Defendant's original sentence." Gov't Letter Resp. at 7; *see* Sent'g Tr. at 32.  A Section 3582(c)(1)(A) reduction would "undermine the deterrent purpose of the original sentence . . ." *United States v. Jones*, 17 F.4th 371, 375–76 (2d Cir. 2021) (per curiam); *see United States v. Davis*, 82 F.4th 190, 202 (2d Cir. 2023) (also finding general deterrence "is about preventing criminal behavior by the population at large . . ."). It is the "societal goal of having a specific conviction and sentence discourage people from committing crimes." *Black's Law Dictionary* (12th ed. 2024).

By not granting a reduction, Defendant's 60 month sentence helps protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(2)(C). Defendant's illegal behaviors

presented a clear and present danger to the community at age 37 and, regrettably for that matter, between the age of 18 and 26.

It should also be pointed out that Defendant has committed infractions while incarcerated, including possessing a shank, threatening BOP staff, and fighting with an inmate. *See* Def.'s Disciplinary History; *see also Christopher*, 2024 WL 4707909, at *5 ("record of violent disciplinary infractions while serving [a] sentence undercuts any appeal to rehabilitation . . ."); *Rivera*, 2021 WL 5235093, at *4.

Defendant has a history of dangerous behavior that threatens the community. As the Government contends, Defendant's "prior sentences have failed to dissuade him from dangerous and criminal conduct, and reducing his term of incarceration would send the wrong message to him about the consequences of his actions." Gov't Letter Resp. at 7.

### IV. Conclusion & Order

For the reasons stated above, and based upon the record, Defendant's petition for a sentence reduction (ECF No. 33) is respectfully denied.

Date: April 3, 2025
New York, New York

*RMB*

RICHARD M. BERMAN, U.S.D.J.